
# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SEQUOIA ELECTRIC, LLC., et al., <br><br> Defendants. | 2:11-CV-1179 JCM (PAL) |

**ORDER**

Presently before the court is plaintiffs and counter-defendants ("plaintiffs") Trustees of the Operating Engineers Pension Trust, et. al.'s motion to strike defendants' affirmative defenses and motion to dismiss counterclaim by Blake Barsy. (Doc. #9). Defendants and counter-claimants ("defendants") Blake Barsy, et. al. filed an opposition. (Doc. #13). Plaintiffs then filed a reply. (Doc. #14).

Plaintiffs filed this motion in response to defendants' answer to the original complaint. However, on November 8, 2011, plaintiffs moved to amend the complaint. (Doc. #18). The court granted plaintiffs' motion to amend on November 9, 2011. (Doc. #19). Defendants did not file an answer to the first amended complaint until December 14, 2011. (Doc. #25). Defendants' answer to the first amended complaint asserts the same twenty-four affirmative defenses as the original answer and the same counterclaim. (*See* Docs. #6 and #25). Accordingly, the court interprets plaintiffs' motion as a motion to strike the affirmative defenses and dismiss the counterclaim from

**James C. Mahan**
**U.S. District Judge**

defendants' answer to the first amended complaint.

**Motion to strike affirmative defenses**

Pursuant to Federal Rule of Civil Procedure 12(f), the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Plaintiffs first seek to strike each of the twenty-four affirmative defenses raised in the defendants' answer to the complaint, arguing that affirmative defenses are not permitted in suits filed under § 306(a) of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1145.  (Doc. #9).

Plaintiffs argue that the affirmative defenses available to employers in § 1145 suits are extremely limited.  (Doc. #9).  "In fact, the Ninth Circuit's decision in [*Southern California Retail Clerks v. Bjorklund*, 728 F.2d 1262 (9th Cir. 1984)] implies illegality may be the only defense to a trust fund delinquent contribution collection action." (Doc. #14).  In response, defendants argue that illegality is not the only permissible affirmative defense in § 1145 suits.  (Doc. #13).

In *Kaiser Steel Corp. v. Mullins*, 455 U.S. 72, 87 (1982), the United States Supreme Court stated that Congress enacted § 1145 "because 'simple collection actions brought by plan trustees have been converted into lengthy, costly and complex litigation concerning claims and defenses *unrelated* to the employer's promise and the plans' entitlement to the contributions,' and steps must be taken to 'simplify delinquency collection.'" The *Kaiser* court further found that "the legislators did not say that employers should be prevented from raising all defenses; rather they spoke in terms of 'unrelated' and 'extraneous' defenses." *Id.* at 88.

Courts in the Ninth Circuit recognize that the affirmative defenses available to employers in § 1145 suits are limited.  *See Sw. Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 773 (9th Cir. 1986); *Carpenters Health and Welfare Trust Fund for California v. Bla-Delco Construction, Inc.*, 8 F.3d 1365, 1369 (9th Cir. 1993).  Nevertheless, the Ninth Circuit has not held that illegality is the only defense permitted for employers.  Indeed, the Ninth Circuit has taken a more individualized approach to determine the validity of affirmative defenses in trust fund contribution suits. *See id.*

Plaintiffs seek to strike all of the defendants' affirmative defenses, arguing that affirmative defenses, broadly speaking, are not permitted in § 1145 suits.  (Doc. #9).  The court is not inclined

James C. Mahan
U.S. District Judge

- 2 -

1   to strike all of the affirmative defenses in one fell swoop based on this broad statement.  While the
2   court does not grant plaintiffs' instant motion to strike, plaintiffs may bring a new motion to strike,
3   demonstrating that the specific affirmative defenses asserted in this case are either not permitted in
4   § 1145 suits or not applicable to the facts of this case.

**Motion to dismiss counterclaim by Blake Barsy**

6   Plaintiffs next move to dismiss the counterclaim by defendant Blake Barsy for unjust
7   enrichment. (Doc. #9).  Plaintiffs argue that this is not a valid claim under Nevada law because there
8   is an express, written contract.  Further, even if the claim would otherwise be valid under Nevada
9   law, it is preempted by federal law.

10   Defendants argue that 29 U.S.C. § 1103 specifically permits an employer to recover a
11   contribution or payment made under mistake of fact or law. (Doc. #13).  Further, defendants allege
12   that the contract in this case had expired when Mr. Barsy made the "overpayments."  Thus, there was
13   no written contract at the time of the overpayment, and Nevada law does permit a suit for unjust
14   enrichment. (Doc. #13).

15   In reply, plaintiffs assert that § 1103 does not apply in this case because the trust fund is in
16   critical status and, therefore, "the equities do not weigh in favor of allowing [Mr. Barsy] to recover
17   . . . ." (Doc. #14).  Further, plaintiffs argue that Mr. Barsy accepted the terms of a new collective
18   bargaining agreement through his conduct, so he cannot claim that he made the "overpayments"
19   under a mistake of law or fact. (Doc. #14).

20   In a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and
21   construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad.*
22   *Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  There is a strong presumption against dismissing an
23   action for failure to establish a plausible entitlement to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S.
24   544, 556 (2007).  The allegations must amount to "more than mere labels and conclusions, [or] a
25   formulaic recitation of the elements of a cause of action." *Id.* at 555.

26   Title 29 U.S.C. § 1103(c)(2)(A)(ii) states that "if [a] contribution or payment is made by an
27   employer to a multiemployer plan by a mistake of fact or law . . . [this section] shall not prohibit the

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  return of such contribution or payment to the employer within 6 months after the plan administrator
2  determines that the contribution was made by such a mistake." An employer must establish "that
3  the equities favor restitution in order to succeed on the merits." *Award Service, Inc. v. N. Cal. Retail*
4  *Clerk's Union*, 763 F.2d 1066, 1068-69 (9th Cir. 1985). "The critical question is whether refunding
5  the [employer's] contributions would undermine the financial stability of the plan." *Chase v.*
6  *Trustees of the W. Conference of Teamsters Pension Trust Fund*, 753 F.2d 744, 753 (9th Cir. 1985).

7  Plaintiffs submitted a document purporting to show that the trust is in critical status as
8  defined under 29 U.S.C. § 1085(b)(2). (Doc. #14, Ex. 2). However, plaintiffs attached this
9  document to their reply brief and did not raise this argument until filing the reply. (Doc. #14, Ex.
10 2). Therefore, defendants have not had an opportunity to respond to plaintiffs' argument that the
11 trust is in critical status and that the equities do not weigh in favor of restitution. Further, the court
12 is not inclined to find, at this stage of the litigation, that the equities do not favor restitution.
13 Plaintiffs may file a motion for summary judgment on the counterclaim once discovery is completed
14 and there is a clear indication of the impact restitution would have on the financial stability of the
15 plan.

16  Accordingly,

17  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs and counter-
18 defendants Trustees of the Operating Engineers Pension Trust, et. al.'s motion to strike defendants'
19 affirmative defenses and motion to dismiss counterclaim by Blake Barsy (doc. #9) be, and the same
20 hereby are, DENIED without prejudice.

21  DATED January 30, 2012.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -