1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SEQUOIA ELECTRIC, LLC, et al., <br><br> Defendants. | 2:11-CV-1179 JCM (PAL) |

8
9
10
11
12
13
14

15

**ORDER**

16   Presently before the court is defendants Sequoia Electric, LLC, et. al.'s motion for temporary

17 restraining order and preliminary injunction.  (Doc. #27).  Plaintiffs Trustees of the Operating

18 Engineers Pension Trust, et. al. have not filed an opposition to the motion.

19   This motion for temporary restraining order and preliminary injunction arises from a case

20 alleging various claims for breach of a collective bargaining agreement. (Doc. #20).  On December

21 5, 2011, plaintiffs submitted a letter to defendant Sequoia Electric Company, stating that an audit

22 of the financial records obtained in discovery revealed an outstanding balance of $718,380.06. (Doc.

23 #27, Ex. C).

24   Defendants assert that they do not owe this amount because: (1) defendants are not alter egos

25 of each other, (2) only Sequoia Electric, LLC and Sequoia Electric Company were ever parties to the

26 master labor agreement ("the agreement"), and (3) the agreement expired on or about June 30, 2010.

27 (Doc. #27).  Thus, defendants refused to pay plaintiffs the delinquency amount from the audit.

28

**James C. Mahan**
**U.S. District Judge**

1      On December 14, 2011, plaintiffs submitted an official notice of delinquency, stating that

2  defendant Sequoia Electric Company owed $1,186.99. (Doc. #27, Ex. D). Defendants made several

3  attempts to pay plaintiffs $1,186.99 to be removed from the delinquent contractors list.  (Doc. #27,

4  Exs. F and H).   Defendants offered to pay this amount "until this matter can be resolved" and

5  asserted that plaintiffs were intentionally interfering with defendants' contracts.  (Doc. #27, Exs. F

6  and H).  Plaintiffs rejected defendants' offer, stating that they would not remove defendants from

7  the delinquent contractors list "until the entire audit claim of over $700,000.000 is resolved." (Doc.

8  #27, Ex. G).  Plaintiffs' rejection stated that "[p]lacing a contractor on the list is a valid contract

9  remedy available to the [t]rusts and one that they are rightfully using here." (Doc. #27, Ex. G).

10      Defendants allege that, by placing defendants on the deficient contractors list, plaintiffs are

11  intentionally interfering with defendants' contractual relationships with its contractors. (Doc. #27).

12  Specifically, defendants assert that four contractors have notified defendants that they will not make

13  payments totaling more than $1,000,000.00 until defendants are removed from the deficient

14  contractors list.  Defendants argue that "[t]his payment stoppage . . . threatens numerous public

15  works projects throughout the Las Vegas Valley." (Doc. #27).

16      The instant motion requests injunctive relief to prevent plaintiffs from interfering with

17  defendants' contractual relationships with general contractors.  Specifically, defendants want: (1)

18  a temporary restraining order prohibiting plaintiffs from listing any of the defendants on the

19  delinquency list, and (2) a preliminary injunction prohibiting plaintiffs from listing any of the

20  defendants on the delinquency list for any issue arising out of this case pending the outcome of this

21  litigation.  (Doc. #27).

22      Federal Rule of Civil Procedure 65 governs the issuance of temporary restraining orders and

23  preliminary injunctions.  A temporary restraining order "should be restricted to serving [its]

24  underlying purpose of preserving the status quo and preventing irreparable harm just so long as is

25  necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto*

26  *Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).  Pursuant to Rule 65, the party moving for

27  a temporary restraining order must provide specific facts showing that immediate and irreparable

28

**James C. Mahan**
**U.S. District Judge**

1  injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary

2  injunction can be heard.

3  In the instant motion, defendants have not provided specific facts showing that they will

4  suffer "immediate and irreparable" harm before plaintiffs can be heard in opposition.  FED. R. CIV.

5  P. 65.  Therefore, defendants have not demonstrated that a temporary restraining order is appropriate

6  under these facts.  While the court declines to grant a temporary restraining order, the court will hold

7  a hearing on defendants' motion for preliminary injunction.  (Doc. #27).

8  Accordingly,

9  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Sequoia

10  Electric, LLC, et. al.'s motion for temporary restraining order (doc. #27) be, and the same hereby is,

11  DENIED.

12  IT IS FURTHER ORDERED that a hearing on defendants' motion for preliminary injunction

13  is set for March 16, 2012, at 11:00 a.m.  Plaintiffs shall file a response to defendants' motion for

14  preliminary injunction on or before March 9, 2012.  Defendants must file their reply, if any, by

15  March 13, 2012.

16  DATED February 28, 2012.

17

18  _____
   UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28

James C. Mahan
U.S. District Judge                                - 3 -