# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TRUSTEES OF THE OPERATING
ENGINEERS PENSION TRUST, et al.,

    Plaintiffs,

v.

SEQUOIA ELECTRIC, LLC, et al.,

    Defendants.

2:11-CV-1179 JCM (PAL)

## ORDER

Presently before the court is defendants Sequoia Electric, LLC, et. al.'s motion for temporary restraining order and preliminary injunction. (Doc. #27). Plaintiffs Trustees of the Operating Engineers Pension Trust, et. al. have not filed an opposition to the motion.

This motion for temporary restraining order and preliminary injunction arises from a case alleging various claims for breach of a collective bargaining agreement. (Doc. #20). On December 5, 2011, plaintiffs submitted a letter to defendant Sequoia Electric Company, stating that an audit of the financial records obtained in discovery revealed an outstanding balance of $718,380.06. (Doc. #27, Ex. C).

Defendants assert that they do not owe this amount because: (1) defendants are not alter egos of each other, (2) only Sequoia Electric, LLC and Sequoia Electric Company were ever parties to the master labor agreement ("the agreement"), and (3) the agreement expired on or about June 30, 2010. (Doc. #27). Thus, defendants refused to pay plaintiffs the delinquency amount from the audit.

**James C. Mahan**
**U.S. District Judge**

On December 14, 2011, plaintiffs submitted an official notice of delinquency, stating that defendant Sequoia Electric Company owed $1,186.99. (Doc. #27, Ex. D). Defendants made several attempts to pay plaintiffs $1,186.99 to be removed from the delinquent contractors list. (Doc. #27, Exs. F and H). Defendants offered to pay this amount "until this matter can be resolved" and asserted that plaintiffs were intentionally interfering with defendants' contracts. (Doc. #27, Exs. F and H). Plaintiffs rejected defendants' offer, stating that they would not remove defendants from the delinquent contractors list "until the entire audit claim of over $700,000.000 is resolved." (Doc. #27, Ex. G). Plaintiffs' rejection stated that "[p]lacing a contractor on the list is a valid contract remedy available to the [t]rusts and one that they are rightfully using here." (Doc. #27, Ex. G).

Defendants allege that, by placing defendants on the deficient contractors list, plaintiffs are intentionally interfering with defendants' contractual relationships with its contractors. (Doc. #27). Specifically, defendants assert that four contractors have notified defendants that they will not make payments totaling more than $1,000,000.00 until defendants are removed from the deficient contractors list. Defendants argue that "[t]his payment stoppage . . . threatens numerous public works projects throughout the Las Vegas Valley." (Doc. #27).

The instant motion requests injunctive relief to prevent plaintiffs from interfering with defendants' contractual relationships with general contractors. Specifically, defendants want: (1) a temporary restraining order prohibiting plaintiffs from listing any of the defendants on the delinquency list, and (2) a preliminary injunction prohibiting plaintiffs from listing any of the defendants on the delinquency list for any issue arising out of this case pending the outcome of this litigation. (Doc. #27).

Federal Rule of Civil Procedure 65 governs the issuance of temporary restraining orders and preliminary injunctions. A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974). Pursuant to Rule 65, the party moving for a temporary restraining order must provide specific facts showing that immediate and irreparable

James C. Mahan
U.S. District Judge

- 2 -

injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard.

In the instant motion, defendants have not provided specific facts showing that they will suffer "immediate and irreparable" harm before plaintiffs can be heard in opposition. FED. R. CIV. P. 65. Therefore, defendants have not demonstrated that a temporary restraining order is appropriate under these facts. While the court declines to grant a temporary restraining order, the court will hold a hearing on defendants' motion for preliminary injunction. (Doc. #27).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Sequoia Electric, LLC, et. al.'s motion for temporary restraining order (doc. #27) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that a hearing on defendants' motion for preliminary injunction is set for March 16, 2012, at 11:00 a.m. Plaintiffs shall file a response to defendants' motion for preliminary injunction on or before March 9, 2012. Defendants must file their reply, if any, by March 13, 2012.

DATED February 28, 2012.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**